By the Court
:—Though we had some doubt, at first, whether, connected with the subsequent protest, the procês verbal might not be given in evidence, yet we are now convinced that its admission would be highly improper. The declaration of any man, delivered either in a Pagan, or Christian, Court, without the solemnity of an oath, is not evidence of the fact asserted, even where the witness is subject to no biass; much less, where he is immediately interested; as the Captain was in the present instance, being a part owner of the vessel.
The case in Doug. 554. does not apply to that before us; nor can the procês verbal be considered as a judicial proceeding. With respect to the argument, that it is a part of the exemplification, it is sufficient to observe, that if a Deed of any kind had been left with the Judge of the Admiralty, he would, probably, have certified it in the same manner, without meaning, in any degree, to establish the validity, or to affect the legal operation of the instrument.
The reading of the procês verbal was accordingly over-ruled.
After stating some other points in the cause, the Plaintiff’s counsel offered to read the protest made in Philadelphia, on the 4th day of December 1784; to which their opponents likewise objected for the reason already mentioned, that it was not made at the first Port, and also on account of the length of time which had intervened.
By the Court:—The question now before us, is, in fact, whether a protest must be made in the first Port at which the Captain arrives after his vessel has been damaged? This is a matter of great importance, upon which little information can be derived from the books; and, therefore, we were in hopes to have heard it more fully discussed on general principles.
We think, however, that to admit the evidence of a Captain of a vessel in excuse of his own conduct, the greatest precaution should be used, and every possible restriction imposed. Hence, it is the rule in France, that the protest shall be made within 24 hours after the arrival at the next Port; and here, as well as in England, it ought to be accompanied by the attestation of a majority of the crew. See Valines Ord. de Fr. 190. 1 Magens 160. The reason is evidently to prevent any subsequent collusion; and we cannot but think that it is the safest as well as the most certain mode of proceeding. If, indeed, any particular circumstances should render it impossible to comply, they will always form an exception to the rule; but, as that is not pretended on the present occasion, we are unanimous in rejecting the evidence.
As soon as this decision was pronounced, the Plaintiff voluntarily suffered a Nonsuit.